IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILL DERMACEUTICALS, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br><br>And<br><br>ANDREW C. VON ESCHENBACH, MD., *In His Official Capacity as Commissioner of the United States Food And Drug Administration,*<br><br>Defendants. | CASE NO. 1:07-cv-00552 |

### PLAINTIFF'S, HILL DERMACEUTICALS, INC.'S, MOTION TO STAY

Plaintiff, Hill Dermaceuticals, Inc. ("HDI"), by and through its undersigned counsel, respectfully files this Motion to Stay, for a stay preventing the approval of any and all generic Abbreviated New Drug Applications ("ANDAs"), referencing HDI's Derma-Smoothe/FS® (fluocinolone acetonide) Scalp Oil or Body Oil product by the U.S. Food and Drug Administration and its Commissioner (collectively, "Agency" or "FDA"), until the Agency provides a substantive response to HDI's Citizen Petition. FDA's unwarranted failure to take action on the issues raised in HDI's Citizen Petition within a period exceeding five (5) times that required FDA regulations, violates the Administrative Procedure Act ("APA") and HDI's rights

and endangers the public health, safety and well being. Accordingly, HDI respectfully requests that this Court issue a stay of approval of any ANDA for topical corticosteroids indicated for scalp psoriasis or atopic dermatitis in favor of HDI, and a stay directing the FDA Commissioner to take no further action consistent with the Agency's statutory obligations and regulatory requirements on any ANDA which references HDI's Derma-Smoothe/FS® products during the pendancy of this action, and until HDI's Citizen Petition is decided. A stay is necessary to ensure the safety of the general public, to preserve the status quo and to guarantee that this Court's review of HDI's claims are not undermined.

Support for this Motion for Stay is contained in the attached Memorandum of Points and Authorities In Support of Hill Dermaceutical's Inc. Motion for Stay.

WHEREFORE, HDI further requests that this Court enter a Stay Order substantially in conformance with the accompanying proposed order:

That the U.S. Food and Drug Administration shall refrain from issuing approval of any ANDA referencing HDI's Derma-Smoothe/FS® (fluocinolone acetonide 0.01% topical oil) Scalp Oil or Body Oil until the Agency provides a substantive response to the Plaintiff's Citizen Petition.

Respectfully Submitted

Dated: April 13, 2007.

By: _____
Simon E. Dance (D.C. Bar No. 436432)
David L. Rosen (D.C. Bar No. 438634)
FOLEY & LARDNER, LLP

- 2 -

3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5101
Tel:   (202) 672-5430
Fax:   (202) 672-5399

Larry M. Roth (not admitted in D.C.)
(Fla. Bar No. 20811)
LAW OFFICE OF LARRY M. ROTH, P.A.
1615 Edgewater Drive, Suite 180 [32804]
P.O. Box 547637
Orlando, Florida 32854-7637
Tel:   (407) 872-2239
Fax:   (407) 872-6927

*Attorneys for Plaintiff*
*Hill Dermaceuticals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILL DERMACEUTICALS, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br><br>And<br><br>ANDREW C. VON ESCHENBACH, MD., *In His Official Capacity as Commissioner of the United States Food And Drug Administration*,<br><br>Defendants. | CASE NO.1:07-cv-00552 |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTIONS OF THE U.S. FOOD AND DRUG ADMINISTRATION

### FACT SUMMARY

Hill Dermaceuticals, Inc. ("HDI"), in compliance with the Food and Drug Administration's ("FDA") request, on September 30, 2004, filed a Citizen's Petition to require trials with clinical end points before approving any Abbreviated New Drug Application ("ANDA") which references HDI's Derma-Smoothe/FS® (fluocinolone acetonide) Scalp Oil or Body Oil products. On December 13, 2005, HDI filed an Amendment to its Citizen Petition. Agency action on the merits of HDI's Citizen Petition has been unreasonably withheld for over

30 months — more than 920 days. Pursuant to 21 C.F.R. §10.30(e)(2), the "Commissioner shall furnish a response to each Petitioner within 180 days of receipt of the Petition." Under the APA and this Court's equitable powers, HDI is equitably entitled to a preservation of the status quo to prevent FDA approval of any pending ANDA referencing HDI's Derma-Smoothe/FS® products prior to review of this action by the Court and until FDA provides a substantive response to the HDI Citizen Petition.

## ARGUMENT

This Court has the power to grant a stay of agency action to preserve the status quo pending judicial review.[1] While courts most commonly are involved in reviewing "final" agency actions, courts also are permitted to undertake "interlocutory review of non-final administrative action where the agency proceedings suffer from a fundamental infirmity requiring a court to act immediately to protect [petitioner's] rights to a fair proceeding." *Gulf Oil Corp. v. Dept. of Energy*, 663 F.2d 296, 312 (D.C. Cir. 1981). Courts have held that interlocutory review is justified where — as here — agency proceedings have been tainted by unreasonable delay. *Air Line Pilots Assn., Int'l v. Civil Aeronautics Bd.*, 750 F.2d 81, 85 (D.C. Cir. 1984); 5 U.S.C. §§ 551(13), 555, 706(1).

Moreover, while staying the actions of a federal agency is extraordinary relief, it is well within the Court's discretion, especially in matters that implicate the public interest. *See*

---

[1] While "judicial review" commonly takes the form of appellate review of an agency order, courts have the same discretion to stay agency actions pending resolution of various procedural, discovery, and equitable claims brought before the courts as well. *See, e.g., Banercraft Clothing Co. v. Renegotiation Bd.*, 466 F.2d 345 (D.C. Cir. 1972) (District Court issued preliminary injunction against continuation of agency proceedings until court resolved discovery issues under Freedom of Information Act); *Va. Petroleum Jobbers Assn. v. Fed. Power Comm'n*, 259 F.2d

*Virginia Petroleum Jobbers Assn. v. Fed. Power Comm'n*, 259 F.2d 921, 924-25 (D.C. Cir. 1958) ("As it is principally the protection of the public interest with which we are here concerned, no artificial restrictions of the court's power to grant equitable relief in the furtherance of that interest can be acknowledged."); *see also Conservation Council of N.C. v. Costanzo*, 505 F.2d 498, 502 (4th Cir. 1974) (decision to grant preliminary injunction affecting agency proceedings "is discretionary with the District Judge and may not be set aside on appeal unless an abuse of discretion is shown.").

In determining whether to stay an agency's actions pending judicial review or decision, a court will examine the following four factors:[2] (1) whether the petitioner is likely to prevail on the merits of its claims; (2) whether the petitioner has shown that it will be irreparably harmed without the stay; (3) whether the issuance of a stay would substantially harm other interested parties; and (4) whether issuance of a stay serves the public interest. *Va. Petroleum*, 259 F.2d at 925. No one factor is determinative, and the court should balance the plaintiff's showings among the four factors on a sliding scale. *Cuomo v. Regulatory Comm'n*, 772 F.2d 972 (D.C. Cir. 1985) (court has flexibility in determining whether to grant or deny stay by permitting a lesser showing on one factor to be compensated by a strong showing on one or more other factors); *Sandoz Inc. v. FDA*, 439 F. Supp. 2d 26, 30 (D.D.C. 2006). For example, an injury held insufficient to justify a stay in one case may well be sufficient to justify it in another where the

---

921 (D.C. Cir. 1958) (court recognized its authority to stay agency action pending deliberation over plaintiff's request that the court compel the agency to permit plaintiff to intervene in agency proceedings).

[2]    A plaintiff's request to forestall agency action pending some court action may by styled as either a motion to stay agency action or a motion for preliminary injunction of same. Regardless of the procedural vehicle the plaintiff chooses, the court examines the same four factors described herein. *See Cuomo v. U.S. Nuclear Reg. Comm'n*, 772 F.2d 972 (C.D. Cir. 1985) (citing the four factors in context of motion to stay agency proceedings) and *Va. Petroleum*, 259 F.2d 921 (citing same four factors in context of preliminary injunction motion).

applicant has demonstrated a higher probability of success on the merits. *Va. Petroleum*, 259 F.2d at 925. Here, HDI easily meets the four-part test.

### A.     Likelihood of Success on the Merits

HDI is likely to prevail on the merits of its action for mandamus and other equitable relief against the FDA as the FDA's delay of over 920 days in rendering a decision on HDI's Citizen Petition — a petition the FDA itself requested HDI to submit — is manifestly unreasonable. Federal agencies operate under a mandate to decide matters in a reasonable time. *See* 5 U.S.C. § 555(b) (requiring an agency to "proceed to conclude a matter presented to it" within "a reasonable time"). Courts have found that "[a]t some point administrative delay amounts to a refusal to act, with sufficient finality and ripeness to permit judicial review." *Public Citizen Health Research Group v. FDA*, 740 F.2d 21, 32 (D.C. Cir. 1984) (citing *Envir. Defense Fund, Inc. v. Hardin*, 428 F.2d 1093, 1100 (D.C. Cir. 1970)). Accordingly, 5 U.S.C. § 706(1) explicitly authorizes a court to "compel agency action ... unreasonable delayed."

In most areas, the question of the reasonableness of an agency's delay in decision-making is closely tied to the facts of the case, and each case must be analyzed according to its own circumstances. *Airline Pilots Assn. Int'l v. Civil Aeronautics Bd.*, 750 F.2d 81, 86 (D.C. Cir. 1984). Here, 21 C.F.R. § 10.30(e)(2), states that the FDA "shall furnish a response" to a Citizen Petition "within 180 days of receipt of the Petition." Despite this express mandate, the FDA has now allowed over 920 days to elapse without rendering a decision on HDI's Citizen Petition. Such inaction amounts to unreasonably delay, warranting judicial intervention. A delay spanning more than five (5) times longer than the required response time amounts to "a refusal to

act, with sufficient finality and ripeness to permit judicial review." *Public Citizen Health*, 740 F.2d at 32.

The FDA's delay is rendered even more unreasonable given the implications of such delays on the public safety. Courts have found delays that might be reasonable in the sphere of economic regulation to be less tolerable when human health and welfare are at stake. *Air Line Pilots Assn.*, 750 F.2d at 86. When the public health may be at stake, the agency must move expeditiously to consider and resolve the issues before it. *Public Citizen Health*, 740 F.2d at 34.

Here, FDA's delay in acting on HDI's Citizen Petition undeniably implicates public health and safety concerns. HDI's Derma-Smoothe/FS® products are the only products that are formulated in a topical peanut oil formulation which presents unique safety challenges for any proposed generic product. HDI's Citizen Petition raises significant safety issues involving the standards for establishing bioequivalence and therapeutic equivalence that must be addressed prior to the approval of any ANDA referencing HDI's products in order to protect the public health. The Citizen Petition also seeks compliance requirements for equivalency as HDI's products are formulated with a specially designed, proprietary, refined peanut oil, which is tested to ensure minimum levels of peanut protein. HDI's Citizen Petition requests that FDA closely examine the use of another non-proprietary source of peanut oil by a generic ANDA as a vehicle for the active ingredient and require the setting of an upper limit for the amount of peanut protein that can be present in the vehicle in order to allay any safety concerns of severe peanut allergic reaction or contact urticaria. Without sensitive testing and the setting of a very low limit for peanut protein, it is impossible for a generic non-proprietary peanut oil to be determined safe or bioequivalent.

Additionally, HDI's Citizen Petition raises the issue that HDI's Body Oil contains corticosteroids, thus a safety issue as adrenal suppression is also present. HDI has conducted specific tests with widespread use of Derma-Smoothe/FS® (Body Oil) (90% body involvement) as required by FDA, and established that no adrenal suppression occurs in children ages two (2) and above. The Citizen Petition seeks to require this same safety issue also be addressed by any formulation submitted by an ANDA applicant, and seeks to require more specific testing beyond the usual skin blanching equivalence test that the Respondents normally require for some generalized, non-specific, corticosteroid responsive dermatoses indications. Because even slight modifications of the excipients in the formulation may move a corticosteriod from weak to highly potent, without clinical testing, the health and safety of the public would be compromised. The delay of any substantive response to these significant safety issues is both unreasonable and intolerable.

The likely success of HDI's action before this Court is not undermined by the fact that HDI had not exhausted its administrative remedies prior to filing this lawsuit. By definition, a claim of unreasonable delay cannot await final agency action before judicial review, since it is the very lack of agency action that gives rise to the complaint. *Airline Pilots Assn v. Civil Aeronautics Bd.*, 750 F.2d 81, 85 (D.C. Cir. 1984). Here, the FDA's own continuing and unreasonable inaction in processing HDI's Citizen Petition precludes HDI from exhausting its administrative remedies by obtaining a final decision.

Where, as here, a petitioner shows that it has a strong likelihood of success on the merits, then the remaining three factors require less proof than in a case where the chances of prevailing are slight. *See Va. Petroleum*, 59 F.2d at 925. Despite these lessened requirements, HDI can

easily show threat of irreparable harm, and that the potential harm to other parties is outweighed by the harm to both HDI and the public interest.

### B.   Irreparable Harm

Courts have held that unreasonable delays in pending administrative proceedings may rise to the level of "irreparable harm." *Banercraft Clothing Co. v. Renogotiation Bd.*, 466 F.2d 345, 356 (D.C. Cir. 1972).  Significantly, as a result of the FDA's unreasonable delays, HDI risks irreparable damage to its business reputation and goodwill if the FDA approves an ANDA referencing HDI's products without requiring the basic safeguards requested by HDI in its Citizen Petition.  By its very nature, injury to goodwill and reputation is not easily measured or fully compensable through money damages, and is therefore irreparable.  *Ross-Simons of Warwick, Inc. v. Baccarat Inc.*, 102 F.3d 12, 20 (1st Cir. 1996); *Ayers v. S.E.C.*, 482 F. Supp. 747, 752 (D. Mont. 1980) (stay of SEC investigation warranted as plaintiff risked substantial harm to business reputation and SEC's investigatory motives were unclear).

### C.   Comparative Injury to Other Parties

While generic ANDA applicants may suffer a minor delay if this Court grants a stay of FDA's approval process  until it reaches a final decision on HDI's Citizen Petition,[3] the harm does not outweigh the potential injury to the public health and safety and to HDI's reputation and good will that would result from the approval of ANDAs without the necessary and proper

---

[3] Because FDA review of ANDA applications is confidential, HDI does not know whether any ANDA application is near approval.  Should no application be ready for approval, there would be no injury at all to that applicant by the stay.

safeguards. Until the issues raised by HDI in its Citizen Petition are addressed, it is not improper for FDA to approve any ANDA product which references HDI's Derma-Smoothe/FS® products.

D.   **Public Interest**

In simplest terms, unless the FDA is required to comply with its statutory and regulatory obligations, the safety of the public is at risk. Agency approval of an ANDA, without requiring appropriate studies to establish bioequivalence and therapeutic equivalence to HDI's products for the specific disease implications of widespread scalp psoriasis and/or atopic dermatitis endangers public health by creating significant safety and efficacy concerns. Moreover, the public has a strong and compelling interest in an agency following its own regulations. *See, e.g., Public Citizen Health*, 740 F.2d at 32 (excessive agency delay saps the public confidence in an agency's ability to discharge its responsibilities).

Additionally, the public interest in promoting judicial economy weighs in favor of granting the stay. HDI is seeking a narrow decision from the FDA  The FDA need only determine whether the differences between HDI's products and any proposed generic ANDA are considerable enough to require trials with clinical end points. The amount of time and resources necessary to reach such a decision are significantly less than the time and resources involved in FDA drug approvals. Significantly, premature approval of any ANDA will likely lead to litigation to reverse the improper approval. This Court has the power to prevent future costly litigation through the simple act of requiring the FDA to follow its own regulations, and to reach a decision on HDI's Citizen Petition prior to approving any ANDAs. Thus, the public interest is

further served by staying the FDA's approval of any ANDA pending a decision on HDI's Citizen Petition, as such course promotes judicial efficiency.

## CONCLUSION

Preservation of the status quo by issuing a stay to the Defendants would ensure an equitable decision by the agency, require the FDA to follow its regulations which require a response within 180 days, preserve the statutory rights of HDI, retain relevancy for subsequent proceedings and ensure the public health, safety and welfare. This Court is encouraged to use the appropriate means to preserve the status quo in granting this stay, until the Writ for Mandamus can be decided or HDI's Citizen Petition can be decided on its merits. The safety and health of the general public, the harm to HDI, and the rendering of any subsequent proceedings irrelevant, outweigh all other factors.

For the above reasons, this Court should grant the Plaintiff's Motion to Stay.

Respectfully Submitted

Dated: April 13, 2007.

By: _____
Simon E. Dance (D.C. Bar No. 436432)
David L. Rosen (D.C. Bar No. 438634)
FOLEY & LARDNER, LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5101
Tel:  (202) 672-5430
Fax:  (202) 672-5399

                                      Larry M. Roth (not admitted in D.C.)
                                      (Fla. Bar No. 20811)
                                      LAW OFFICE OF LARRY M. ROTH, P.A.
                                      1615 Edgewater Drive, Suite 180 [32804]
                                      P.O. Box 547637
                                      Orlando, Florida 32854-7637
                                      Tel: (407) 872-2239
                                      Fax:(407) 872-6927
                                      *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 13th, 2007, I caused copies of the foregoing Motion for Stay and Memorandum of Points and Authorities in Support of Motion to be served on the following:

**(By First Class Mail)**
The Honorable Alberto R. Gonzales, Esq.
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

**(By First Class Mail)**
The Honorable Michael O. Leavitt
Secretary of the United States Department of Health and Human Services
200 Independence Avenue S.W.
Washington, D.C., 20201

**(By First Class Mail)**
Office of the United States Attorney for the District of Columbia
Attention: Civil Process Clerk
555 4th Street, NW
Washington, DC 20530

**(By First Class Mail and Facsimile)**
U.S. Food And Drug Administration,
Andrew C. Von Eschenbach, Md.,
In His Official Capacity as Commissioner
of the United States Food And
Drug Administration,
5600 Fishers Lane,
Rockville, MD 20857

**(By First Class Mail and Facsimile)**
Paige Taylor, Esq.
Food and Drug Administration
Office of the Chief Counsel
5600 Fishers Lane
Room 605 (Mailstop GCF-1)
Rockville, MD 20857


Dated: April 13, 2007                    By:  _____
                                              Simon E. Dance (D.C. Bar No. 436432)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILL DERMACEUTICALS, INC., a Florida corporation, ) ) ) ) Plaintiff, ) ) v. ) U.S. FOOD AND DRUG ) ADMINISTRATION, ) ) And ) ) ANDREW C. VON ESCHENBACH, MD., ) *In His Official Capacity as Commissioner* ) *of the United States Food And* ) *Drug Administration,* ) ) Defendants. ) ) | CASE NO.1:07-cv-00552 |

## PROPOSED ORDER GRANTING STAY

Upon consideration of Plaintiff's Motion to Stay, Memorandum of Points and Authorities in Support of Motion to Stay, and the entire record, and it appearing to the Court that:

(1) Plaintiff Hill Dermaceuticals, Inc. ("HDI") is likely to suffer immediate and serious harm if Defendants are not stayed from issuing an approval of an Abbreviated New Drug Application ("ANDA) referencing HDI's Derma-Smoothe/FS® (fluocinolone acetonide 0.01% topical oil) Scalp Oil or Body Oil, until such time Defendants issue a substantive response to the Plaintiff's Citizen Petition;

1

(2) HDI has demonstrated a substantial likelihood of success on the merits of this action;

(3) Neither Defendants nor any other interested party will be harmed by the issuance of a stay;

(4) Issuance of a stay will preserve the status quo and is in the public interest; and

(5) Issuance of a stay is necessary to prevent the FDA from effectively undermining the judicial process and to permit this Court's meaningful review of the Complaint in this action.

Therefore, **IT IS ORDERED**:

That the U.S. Food and Drug Administration "(FDA")" shall refrain from issuing approval of any ANDA referencing HDI's Derma-Smoothe/FS® (fluocinolone acetonide 0.01% topical oil) Scalp Oil or Body Oil until the Agency provides a substantive response to the Plaintiff's Citizen Petition:

**IT IS FURTHER ORDERED**:

That given the particular circumstances of this case, the Court finds and orders that Plaintiff is not required to give security as a condition of this Order.

Entered:   April ___, 2007

_____
**Judge Royce Lamberth**
**United States District Court**