UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILL DERMACEUTICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-cv-00552 (RCL) |
| ) | |
| U.S. FOOD & DRUG ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Andrew C. von Eschenbach, M.D., Commissioner of Food and Drugs, and the United States Food and Drug Administration ("FDA") (collectively, "Defendants"), as their answer to Plaintiff's Complaint, state as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Answering specifically the numbered paragraphs of the Complaint, Defendants state as follows:

1. Admit that Plaintiff's Complaint seeks declaratory, injunctive, and mandamus relief, and aver that paragraph 1 sets forth Plaintiff's characterization of this lawsuit and conclusions of law, and not allegations of fact to which a response is required, but if a response is required, deny.

2. Aver that paragraph 2 sets forth legal conclusions to which Defendants are not

required to plead.

3.      Aver that paragraph 3 sets forth legal conclusions to which Defendants are not required to plead.

4.      Aver that paragraph 4 sets forth legal conclusions to which Defendants are not required to plead.

5.      Admit that Plaintiff has a business address at 2650 South Mellonville Avenue, Sanford, Florida 32773-9311, but aver that Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      Admit.

7.      Admit sentence 1.  With respect to sentence 2, admit that the Secretary of Health and Human Services has redelegated to the Commissioner of Food and Drugs the functions vested in the Secretary under the Federal Food, Drug, and Cosmetic Act.  Admit further that FDA regulations state, in part:  "Except as provided in paragraph (e)(4) of this section, the Commissioner shall furnish a response to each petitioner within 180 days of receipt of the petition. The response will either:  (i) Approve the petition, in which case the Commissioner shall concurrently take appropriate action (e.g., publication of a Federal Register notice) implementing the approval; (ii) Deny the petition; or (iii) Provide a tentative response, indicating why the agency has been unable to reach a decision on the petition, e.g., because of the existence of other agency priorities, or a need for additional information. The tentative response may also indicate the likely ultimate agency response, and may specify when a final response may be furnished." *See* 21 C.F.R. § 10.30(e)(2).

8.      Admit that Plaintiff is a drug manufacturer and sponsor of two approved NDAs.

9. Admit that Plaintiff is the sponsor of NDA 19-452 for Derma-Smoothe/FS (fluocinolone acetonide, topical oil, 0.01%), which is approved for the treatment of psoriasis of the scalp in adults. Admit that Derma-Smoothe/FS (Scalp Oil) is the only low to medium potency topical corticosteroid for which FDA has approved an NDA as a treatment for scalp psoriasis by application to the scalp followed by covering the scalp with a supplied shower cap.

10. Admit that Plaintiff is the sponsor of NDA 19-452 for Derma-Smoothe/FS (fluocinolone acetonide, topical oil, 0.01%), which is a low to medium potency topical corticosteroid approved for the treatment of atopic dermatitis in adult patients, and for the treatment of moderate to severe atopic dermatitis in pediatric patients 2 years and older. Deny sentence 2. With respect to sentence 3, admit that Plaintiff provided documentation to the FDA that, in an open-label safety study on 33 children with moderate to severe stable atopic dermatitis, and baseline body surface area involvement greater than 75% in 15 patients, where the subjects were treated with Derma-Smoothe/FS twice daily for 4 weeks, at the end of treatment, 4 out of 18 subjects aged 2 to 5 years showed low pre-stimulation cortisol levels (3.2 to 6.6 µg/dL; normal: cortisol > 7µg/dL), but all had normal responses to 0.25 mg of Cortrosyn stimulation (cortisol > 18 µg/dL). Aver that the Precautions section of the Derma-Smoothe/FS labeling includes the following statement: "Systemic absorption of topical corticosteroids can produce reversible hypothalamic-pituitary-adrenal (HPA) axis suppression with the potential for glucocorticosteroid insufficiency after withdrawal of treatment. . . . Patients applying a topical steroid to a large surface area or to areas under occlusion should be evaluated periodically for evidence of HPA axis suppression." Defendants refer the Court to http://www.fda.gov/cder/foi/label/2005/019452s016,019,020lbl.pdf for a complete and accurate

copy of the labeling for Derma-Smoothe/FS.

11.     Admit that Plaintiff's counsel sent letters to FDA's Office of Generic Drugs dated April 26, 2004 and May 10, 2004, regarding the requirements for establishing the therapeutic equivalence of generic versions of Derma-Smoothe/FS, and Defendants refer the Court to those letters for a complete and accurate statement of their contents.  Admit further that FDA (Gary J. Buehler) sent Plaintiff a letter dated June 1, 2004, which states in part what it is quoted as stating, except that the last word in the fourth sentence is "actions" not "decisions."  Defendants refer the Court to Exhibit A of the Complaint for a complete and accurate statement of the June 1, 2004 letter's contents.

12.     Admit that Plaintiff submitted a Citizen Petition to FDA, which is dated September 30, 2004, and which was received by FDA on October 1, 2004.  Admit sentence 2.

13.     With respect to sentence 1, aver that whether Derma-Smoothe/FS's topical peanut oil formulation presents unique challenges is an issue that Plaintiff presented in its Citizen Petition, which is pending before FDA.  FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendants are without sufficient information to form a belief as to the truth of the allegations in sentence 1.  Aver that Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in sentences 2 and 3.  Aver further that Defendants will not confirm or deny whether an application to market a generic version of Derma-Smoothe/FS has been submitted to the agency.  Unless the existence of an abbreviated new drug application ("ANDA") has been previously publicly disclosed or acknowledged, FDA will not publicly disclose the existence of an ANDA before an approvable letter is sent to the ANDA applicant pursuant to 21 C.F.R. § 314.110.  21 C.F.R. § 314.430(b).

14. Admit that Plaintiff submitted an amendment to its Citizen Petition that is dated December 13, 2005 and that was received by FDA on December 14, 2005. Admit sentences 2 and 3.

15. Admit that FDA regulations state, in part: "Except as provided in paragraph (e)(4) of this section, the Commissioner shall furnish a response to each petitioner within 180 days of receipt of the petition. The response will either: (i) Approve the petition, in which case the Commissioner shall concurrently take appropriate action (e.g., publication of a Federal Register notice) implementing the approval; (ii) Deny the petition; or (iii) Provide a tentative response, indicating why the agency has been unable to reach a decision on the petition, e.g., because of the existence of other agency priorities, or a need for additional information. The tentative response may also indicate the likely ultimate agency response, and may specify when a final response may be furnished." *See* 21 C.F.R. § 10.30(e)(2). Admit that FDA has not yet approved or denied Plaintiff's Citizen Petition. Deny the remaining allegations in paragraph 15.

16. Admit that FDA (Jane A. Axelrad) sent a letter to Plaintiff dated March 24, 2005, and refer the Court to Exhibit C to the Complaint for a complete and accurate statement of its contents.

17. Admit that 21 C.F.R. § 10.30(e)(2) states: "Except as provided in paragraph (e)(4) of this section, the Commissioner shall furnish a response to each petitioner within 180 days of receipt of the petition. The response will either: (i) Approve the petition, in which case the Commissioner shall concurrently take appropriate action (e.g., publication of a Federal Register notice) implementing the approval; (ii) Deny the petition; or (iii) Provide a tentative response, indicating why the agency has been unable to reach a decision on the petition, e.g.,

because of the existence of other agency priorities, or a need for additional information. The tentative response may also indicate the likely ultimate agency response, and may specify when a final response may be furnished."  The remainder of paragraph 17 sets forth legal conclusions to which Defendants are not required to plead, but if a response is required, deny.

18.     Admit that FDA has not approved or denied Plaintiff's Citizen Petition and that Plaintiff has continued to amend and supplement its Petition, most recently in a submission dated May 15, 2007.  Admit further that representatives from the Office of Generic Drugs met with representatives for HDI on or about August 30, 2004.  Deny the remaining allegations in paragraph 18.

19.     Aver that sentence 1 sets forth legal conclusions to which Defendants are not required to plead, but if a response is required, deny them.  With respect to sentences 2 and 3, aver that Defendants will not confirm or deny whether an application to market a generic version of Derma-Smoothe/FS has been submitted to the agency.  Unless the existence of an ANDA has been previously publicly disclosed or acknowledged, FDA will not publicly disclose the existence of an ANDA before an approvable letter is sent to the ANDA applicant pursuant to 21 C.F.R. § 314.110.  21 C.F.R. § 314.430.   With respect to sentence 4, Defendants are without information and knowledge sufficient to form a belief as to the truth of that allegation because whether it would take more time and resources to respond to Plaintiff's Citizen Petition than to review an ANDA depends upon the ANDA at issue.

20.     Admit that Plaintiff's Citizen Petition raises issues regarding the method for establishing bioequivalence to Derma-Smoothe/FS, but deny the remainder of sentence 1.  Aver that sentences 2-4 and 9 represent Plaintiff's characterization of its Citizen Petition, and

Defendants refer the Court to the Petition, attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents. With respect to sentence 5, admit that FDA has permitted ANDA applicants to establish bioequivalence of topical corticosteroid products using (among other things) a vasoconstrictor assay (skin blanching test) (usually performed on the arm, usually forearm), and that establishing bioequivalence is necessary for a showing of therapeutic equivalence. With respect to sentence 6, admit that FDA has approved ANDAs for topical corticosteroid creams and ointments and other dosage forms that are approved for treating corticosteroid responsive dermatoses where a vasoconstrictor assay was the method of establishing bioequivalence. With respect to sentences 7 and 8, aver that Plaintiff has presented the allegations in its Citizen Petition, which is pending before FDA. FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendants are without sufficient information to form a belief as to the truth of the allegations in sentences 7 and 8. With respect to sentence 8, aver further that FDA has used the vasoconstrictor assay to evaluate bioequivalence for individual topical corticosteroids for a given drug substance regardless of indication and dosage form.

21.     Aver that sentence 1 represents Plaintiff's characterization of its Citizen Petition, and Defendants refer the Court to the Petition, attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents. Aver that the allegations in sentences 2 and 3 are issues that Plaintiff presented in its Citizen Petition, which is pending before FDA. FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendants are without sufficient information to form a belief as to the truth of the allegations in sentences 2 and 3.

22.     Admit that use of topical corticosteroids raise a safety issue related to adrenal suppression, and aver that the issue of hypothalamic-pituitary-adrenal axis suppression is noted in the Precautions section of the labeling for Derma-Smoothe/FS.  With respect to sentence 2, admit that Plaintiff provided documentation to the FDA that, in an open-label safety study on 33 children with moderate to severe stable atopic dermatitis, and baseline body surface area involvement greater than 75% in 15 patients, where the subjects were treated with Derma-Smoothe/FS twice daily for 4 weeks, at the end of treatment, 4 out of 18 subjects aged 2 to 5 years showed low pre-stimulation cortisol levels (3.2 to 6.6 µg/dL; normal: cortisol > 7µg/dL), but all had normal responses to 0.25 mg of Cortrosyn stimulation (cortisol > 18 µg/dL).  Aver that the Precautions section of the Derma-Smoothe/FS labeling includes the following statement: "Systemic absorption of topical corticosteroids can produce reversible hypothalamic-pituitary-adrenal (HPA) axis suppression with the potential for glucocorticosteroid insufficiency after withdrawal of treatment. . . . Patients applying a topical steroid to a large surface area or to areas under occlusion should be evaluated periodically for evidence of HPA axis suppression."  Defendants refer the Court to http://www.fda.gov/cder/foi/label/2005/019452s016,019,020lbl.pdf for a complete and accurate copy of the labeling for Derma-Smoothe/FS.  Aver that sentence 3 represents Plaintiff's characterization of its Citizen Petition, and Defendants refer the Court to the Petition, attached to the Complaint as Exhibit B, for an accurate and complete statement of its contents.  Aver that the allegations in sentence 4 are issues that Plaintiff presented in its Citizen Petition, which is pending before FDA.  FDA has not made a final determination on whether to approve or deny that Petition and, for that reason, Defendants are without sufficient information to form a belief as to the truth of the allegations in sentence 4.  With respect to sentence 5, admit

that Plaintiff attached the affidavit of Howard Ira Maibach, M.D. to its Complaint.

23. Deny.

24. Defendants incorporate by reference their answers to paragraphs 1 through 23.

25. Aver that paragraph 25 sets forth legal conclusions to which Defendants are not required to plead.

26. Deny.

27. Deny.

28. Deny.

29. Aver that sentence 1 sets forth legal conclusions to which Defendants are not required to plead. Deny sentences 2 and 3.

30. Admit that FDA has, in some instances, issued rulings on Citizen Petitions at approximately the same time that it has taken action on related pending applications, but deny that the agency has done so "as an administrative delaying tactic" or that petitioners have been denied adequate judicial relief. With respect to Plaintiff's Petition, aver that it has been, and remains, Defendants' intention that *if* FDA were to approve an ANDA referencing Derma-Smoothe/FS, the agency would grant or deny Plaintiff's Petition prior to taking such action, or at the latest, at the same time as issuing such approval. Deny the remaining allegations in paragraph 30.

31. Deny sentence 1, and aver that FDA does not approve products for marketing until those products have satisfied the applicable statutory and regulatory requirements. Aver that the allegations in sentences 2 and 3 are issues that Plaintiff presented in its Citizen Petition, which is pending before FDA. FDA has not made a final determination on whether to approve or deny

that Petition and, for that reason, Defendants are without sufficient information to form a belief as to the truth of the allegations in sentences 2 and 3.

32.  Admit that FDA has not yet approved or denied Plaintiff's Citizen Petition, and aver that the remainder of paragraph 32 sets forth legal conclusions to which Defendants are not required to plead, but if a response is required, deny them.

33.  Aver that the remainder of the Complaint (pages 11-12) sets forth Plaintiff's prayer for relief to which no response is required, but if a response is required, deny that Plaintiff is entitled to the requested relief.

Defendants hereby specifically deny all of the allegations of the Complaint not expressly admitted. Defendants, having fully answered Plaintiff's Complaint, pray that this action be dismissed with prejudice, and that they be granted their costs and other relief as may be appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | PETER D. KEISLER |
| Of Counsel: | Assistant Attorney General |
|  |  |
| DANIEL MERON | C. FREDERICK BECKNER III |
| General Counsel | Deputy Assistant Attorney General |
|  |  |
| SHELDON T. BRADSHAW | EUGENE M. THIROLF |
| Associate General Counsel | Director |
| Food and Drug Division |  |
|  |  |
| ERIC M. BLUMBERG |  |
| Deputy Chief Counsel, Litigation | /s/ |
|  | GERALD C. KELL (D.C. Bar No. 929125) |
| PAIGE H. TAYLOR | Senior Trial Counsel |
| Associate Chief Counsel, Litigation | Office of Consumer Litigation |
| U.S. Dept. of Health & Human Services | U.S. Department of Justice |
| Office of the General Counsel | P.O. Box 386 |
| 5600 Fishers Lane | Washington, D.C. 20044 |
| Rockville, MD  20857 | Tel:  202-514-1586 |
| 301-827-1161 | Fax:  202-514-8742 |
|  | gerald.kell@usdoj.gov |

June 11, 2007